8049

MATTISON v. STONE.

WILLS—REAL PROPERTY—PERSONAL PROPERTY—CONVERSION.—Under a will devising real property to the wife for life and directing that upon the falling in of the life estate the lands be sold and the proceeds divided among the children of testator, at the death of the life tenant the realty is converted into personalty, the remaindermen take legacies and have no interest in the land unless there be a reconversion.

Before GARY, J., Anderson, October, 1910.    Reversed.

Action by W. E. Mattison *et al.* against W. C. Stone. Defendant appeals.

*Messrs. Padget & Watkins,* for appellant, cite: *The children take as legatees:* 5 Rich. Eq. 215; 25 S. C. 149; 17 S. C. 572; 62 S. C. 482; 86 S. C. 1; 23 S. C. 502, 382; 62 S. C. 482; 2 Wms. on Ex. 1010; 56 S. C. 209; 52 S. C. 88. *This cannot be upheld as a family settlement:* 32 S. C. 263; 74 S. C. 535; 9 Rich. 483; 22 S. C. 421; 33 S. C. 194; 29 S. C. 247; 19 S. C. 593.   *Statute began to run against the life tenant:* 85 S. C. 373; 78 S. C. 143; 50 S. C. 120; 52 S. C. 88; 56 S. C. 209.   *Presumption is in favor of title:* 78 S. C. 155; 61 S. C. 276; 80 S. C. 110.

*Messrs Bonham, Watkins & Allen* and *Leon L. Rice,* contra, cite: *Is this a case of equitable conversion?* 14 S. C.

238; 45 S. C. 596; 59 S. C. 146; 67 S. C. 135; 16 S. C. 238;
I Tiffany on Real Prop. 605; 68 S. C. 260; 60 S. C. 214;
143 Cal. 265; 69 N. Y. 1; 139 N. Y. 210; 15 Ill. 103; 49
N. J. Eq. 125; 71 Ga. 566; 148 Mass. 395. *As to recon-
version:* 9 Cyc. 855; 1 Tiff. on R. P. 107; Pom. Eq. Jur.,
sec. 175; Bispham's Eq., sec. 332; 51 S. E. 109; 45 S.
C. 268.

December 4, 1911.   The opinion of the Court was deliv-
ered by

Mr. Chief Justice Jones.   In this action for the parti-
tion of a tract of land in Anderson county formerly belong-
ing to Peter Johnson an issue of title was raised by the
answer, and that issue was submitted to a jury.   After the
conclusion of all the testimony defendant made a motion
to direct a verdict in his favor which was refused and
instead the Court, Judge Ernest Gary presiding, instructed
the jury to find for the plaintiff W. E. Mattison a one-fifth
interest in the land.   The appeal comes from such judg-
ment.   There were other plaintiffs, who were the children
of Mary A. E. Ellison, but the Court held that suit by them
was premature, and as no exception challenges this ruling
they go out of the case, leaving W. E. Mattison sole plain-
tiff.

Both parties claim under Peter Johnson, as common
source of title, who died seized and possessed of the land
May 9, 1872, leaving his will, upon the construction of
which the case depends.

The first paragraph of the will is as follows:

1st. "My lawful debts and funeral expenses be paid.
Then the residue of my estate, real and personal, I give and
bequeath to my beloved wife, Nancy A. Johnson, to be hers
during her natural life or widowhood and at her death or
marriage then the said realty and personalty to be sold and
equally divided among my children; and having an eye in

such division and settlement to the advances I have already made to them, which advances are hereinafter stated to date, as well shall an eye be had to advances after the date hereof in said division and settlement, moreover I desire that the portion of my estate that shall fall to my daughters, N. Caroline Mattison and Mary A. E. Ellison, to be theirs during their lifetime, and then to their children respectively forever."

The will was admitted to probate May 18, 1872, and B. L. Johnson, son of testator, duly qualified as executor. On January 4, 1879, the widow Nancy A. Johnson and children of the testator, Jas. W. Johnson, Sarah P. Johnson, Mary E. Ellison and her husband, N. C. Mattison and her husband, in consideration of one thousand and fifty dollars, executed a fee simple warranty deed of the premises in question to B. L. Johnson, the son and executor of the testator. This land was sold under judicial proceedings as the property of B. L. Johnson and was purchased by B. Frank Mauldin who received the deed of the master therefor on November 2, 1885. B. F. Mauldin conveyed the premises to the defendant W. C. Stone by deed probated December 21, 1885, and recorded February 10, 1886. Defendant Stone has been in exclusive possession since his purchase in 1885.

Nancy A. Johnson the life tenant died in 1888. The plaintiff is the only child of N. Caroline Mattison, who died it seems in 1898, and as such child claims one-fifth interest in the land.

The Circuit Court construed the will, as if there were no directions for sale and division of proceeds, and as giving to Mary Ellison a life estate in the premises to the extent of one-fifth after the death of Nancy A. Johnson with remainder in fee to her child, the plaintiff. The Court further held that the plea of the statute of limitations and adverse possession could not avail against plaintiff, although there was testimony that his mother died in 1898, and this

action was not commenced until 1910, for the reason that
no cause of action had accrued in behalf of the children of
Mary Ellison who was living at the time of the trial, and
that plaintiff being tenant in common with the children of
Mary Ellison was not barred because such children were
not barred.

We think the Court was in error in construing the will.
It will be noticed that there is no devise of the fee after the
life estate of Nancy A. Johnson but the express direction
is to sell the realty and personalty and divide the proceeds,
equally adjusting for all advances in the settlement.   Under
the equitable doctrine of conversion the real estate became
personal property after the death of the life tenant and no
real estate passed to N. Caroline Mattison for life with
remainder to plaintiff.   The gift was of personal property,
money, a legacy, to Mrs. Mattison for life with remainder
over to her children. *Perry* v. *Logan,* 5 Rich. Eq. 215;
*Andrews* v. *Loeb,* 22 S. C. 274; *Wood* v. *Reaves,* 23 S. C.
385; *Bell* v. *Bell,* 25 S. C. 149; *Farr* v. *Gilreath,* 23 S. C.
513; *Earle* v. *Maxwell,* 86 S. C. 1, 67 S. E. 962; *Walker* v.
*Killian,* 62 S. C., 491, 40 S. E. 887.

Plaintiff having no interest in the land under the terms
of the will could not maintain this action for partition, or
recovery of any portion thereof, in the absence of a proper
case made, showing a reconversion of the personalty into
real estate.   Parties to whom the proceeds of the sale of
land are bequeathed may elect to take the land by some
unequivocal act or declaration, in which case there is a
reconversion, but it is essential to such reconversion that all
the beneficiaries join therein.   This subject is fully dis-
cussed in *Ukiah* v. *Rice,* 101 Am. St. Rep. 118.   But when
a case is sought to be based upon the theory of reconversion
the requisite facts must be alleged and proved and there is
neither such allegation nor proof in this case.   Hence we
do not pursue the matter of reconversion further.   It fol-
lows that it was error to direct a verdict for plaintiff.

The judgment of the Circuit Court is reversed and the cause is remanded for such disposition on the equity side of the Court as may be just and proper and in accordance with the view herein announced.