## 8960

### MATTISON v. STONE.

#### (82 S. E. 1046.)

WILLS. DEVISES. LEGACIES. EQUITABLE CONVERSION. PARTITION.

1. A plaintiff must prove title to land in order to maintain an action for the partition thereof.
2. A person cannot convert land into money unless he has absolute ownership of the land.
3. Where testator devised realty to his wife for life and provided that on her death it should be sold and equally divided among his five children, and that the share of his daughter C. should be hers during her lifetime and then go to her child, one-fifth of the money into which the realty was converted under the will by the death of testator's wife belonged to C. for life, with remainder to her child.
4. "Conversion" or "reconversion" means the putting of money into land or land into money.
5. The same power and process is required to reconvert money into land as is required to convert land into money; and hence a person, having only a life estate in money into which land was converted under a will by the death of a life tenant, the remainder being in her minor child, could not reconvert it into land.
6. There being no proof that the grantors in a deed purporting to convey their interests in certain lands, which had been devised to be sold, for the division of the proceeds amongst the grantors for their respective lives, with remainders to their respective children, knew that such lands had been converted by the devise into personalty, or that they as legatees might reconvert such personalty back into realty, or that their joining in the deed would have such effect; such deed will not be construed as the execution of an intention to reconvert the realty into personalty
7. A legatee having only a life interest in a legacy cannot convert the personalty into realty in the absence of a concurrent act binding upon an infant entitled to the remainder in the legacy.
8. Whether a grantor having only a life interest in a legacy, and undertaking to convey an interest in fee, is estopped to deny that his deed worked a conversion of the legacy into realty does not arise, where plaintiff is asserting a legal title to land, and asking partition of same.
9. Plaintiff in partition cannot prevail by reason of defective title in defendant, but must prove title in himself.
10. The question whether a legatee, or the assignee of legatees, may have lands devised to be sold for payment of the legacy so sold, does not arise in an action by such assignee claiming title to the lands, to have same partitioned

Before SHIPP, J., Anderson, May, 1913.   Affirmed.

Action for partition of lands, brought by W. E. Mattison against W. C. Stone. From decree dismissing the complaint, plaintiff appeals. The facts are stated in the opinion on a former appeal, 90 S. C. 146, 72 S. E. 991, and in the following opinion of the Court on this appeal. The deed from N. C. Mattison *et al.* to B. L. Johnson (referred to in 90 S. C. 148, 72 S. C. 992, and in the opinion following) conveyed "all our interest in 157 acres," etc., the land in dispute.

The plaintiff's exceptions were as follows:

1. Because his Honor erred in dismissing the complaint, the error being that he should have held that the admitted deed of all the heirs of Peter Johnson was the highest evidence of an election to reconvert the bequest of personalty into a devise of land, and that a reasonable construction of the will of Peter Johnson requires that Caroline Mattison along with all the beneficiaries elected to take the land as such rather than have it sold and take the proceeds, and her life estate descends to her children in land.

2. Because his Honor erred in holding that the questions are practically settled by the Supreme Court on the former appeal, when it is submitted that the former appeal merely held that it was error to direct a verdict, there being no allegation in the complaint of a reconversion and hence no competent proof. It is submitted that the Supreme Court in the former appeal did not intend to pass upon the merits of the case under the amended complaint.

3. Because it was error to hold that the evidence did not make out a case of reconversion, when it is submitted that the deed itself was the highest evidence of such election to take as land and deed it as land, said deed being unequivocal and capable of but one construction, and that is that the beneficiaries elected to take as land and to make a deed to the land as such. And, further, because this very deed to the land in question is one of defendant's links in his chain of title.

4. Because his Honor erred in holding that all the beneficiaries did not join in the conveyance. The error being that all the beneficiaries did join in the deed to B. L. Johnson, as they were all the legatees of the proceeds of the sale of land necessary to discharge the executor of his trust, and the fact that plaintiff has an interest in the land today is due to the election of his mother to reconvert the money into land. But for the election of his mother to take as land rather than proceeds of the sale of land, the life estate would have been defeated.

5. Because his Honor erred in construing the case of *Ukiah* v. *Rice,* as holding that a remainderman under a will where there is a power of sale which converts land into personalty, must join in the election to make it a reconversion. It is submitted that the election of the beneficiaries to take as land given to the remaindermen their first interest in the land, and that they did not have such interest until after the election had taken place.

6. Because his Honor erred in holding that when the mother of plaintiff elected to deed her interest in the land that the land was taken free from the limitations of the will. It is submitted that all the evidence shows that Nancy Mattison sold all her interest in the land and not the personalty, and that she had no more than a life estate in the land.

*Messrs. Leon L. Rice* and *Bonham, Watkins & Allen,* for appellants, submit: *Defendant takes under will of Peter Johnson:* 4 Strob. 91. *The only way to preserve rights of remaindermen was to take the land, rather than proceeds upon sale. Election to do so, manifested by deed of "our respective interests." Remaindermen bound by election of precedent life tenant:* 101 Am. St. Rep. 118; 15 *Ib.* 409; 10 L. R. A. 162. *Fee was in heirs, subject to exercise of power to sell:* 23 S. C. 503; 1 Tiffany Real Prop. 605; 68 S. C. 260. *Power of sale extinguished by election to take the land:* 101 Am. St. Rep. 118; 10 L. R. A. 165; 36 Am.

Dec. 34; 3 Pom. Eq. Juris., sec. 1176; 9 Cyc. 855. *Deed the highest evidence of election:* 9 Cyc. 855; 67 Ill. 419; 116 N. Y. 234; 26 N. Y. St. 667; 15 Am. St. Rep. 400; 1 Watts (Pa.) 445; Pom. Eq. 1175; Bispham's Eq. 332; 1 Tiffany. Real Prop. 107; 29 Am. Dec. 48; *Ib.* 56; 29 Ill. 122; 67 Ill. 430; 58 Am. Dec. 800. *Statute of limitations did not run against remainderman until after death of life tenant:* 25 S. C. 519; 59 S. C. 146; 45 S. C. 268. *No ouster between the cotenants:* 71 S. C. 321; 26 S. C. 244; 3 Rich. 422.

*Mr. J. M. Paget,* for respondent, submits : *All beneficiaries in legacy must join in act of election to reconvert personalty into realty:* 90 S. C. 146; 101 Am. St. Rep. 118. *As to legal title to lands:* 22 S. C. 274; 23 S. C. 382; 23 S. C. 502; Statute of Limitations, Code Civil Proc. 123, 126. *Conveyance in fee by life tenant a breach of trust, and statute then ran against remainderman as cestui que trustent:* 85 S. C. 373; 78 S. C. 143; 50 S. C. 120; 52 S. C. 88; 56 S. C. 209. *Presumption that Stone held possession as sole owner after twenty years:* 80 S. C. 110, 114.

October 1, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for partition of 157 acres of land.

The common source of title was Peter Johnson.

The issues here depend upon a construction of his will and the things done thereunder by his devisees.

Peter had five children.

It is conceded all round that defendant owns the title of three of them; he claims to own the title of the others, to wit: two daughters, Mrs. Caroline Mattison and Mrs. Mary Ellison, but that is denied by the plaintiff, the only child of Caroline, she being now dead.

Neither Mary nor her five children are parties, though they were at the outstart. On the first trial upon Circuit,

they were eliminated, and no exception was taken thereto. *Mattison* v. *Stone*, 90 S. C. 147, 72 S. E. 991. It is not manifest how they can be bound by what others may do, or by what a Court may decide about the rights of others.

Peter devised this 157 acres to his wife, Nancy, for her life; "and at her death (which has happened) * * * then the said realty * * * to be sold and equally divided among my children * * *; moreover I *desire* that the portion of my estate shall fall to my daughters, Caroline and Mary, to be theirs during their lifetime, and then to their children, respectively, forever."

The real estate was not sold and the proceeds so divided; but B. L. Johnson, the son and executor, took a deed of it to himself from his brother and three sisters, including Caroline and Mary.

The contention of plaintiff is, that the testator first by will turned the land into money, which act the plaintiff calls conversion; and, further, that the devisees, named to take the money, thereafter turned the money back into land, which act the plaintiff calls reconversion.

This Court held on a former appeal that reconversion had not been alleged or proven.

The plaintiff then by amendment alleged reconversion and claims to have proved it. The Circuit Court held contra; the plaintiff contends here that reconversion has been proven, and that is the issue made by him in exceptions 1, 2, 3, 4 and 5.

There is no basis in the Circuit decree for the sixth exception. The Court did not hold that the deed by Caroline, the plaintiff's mother, freed the land from the limitation of the will. The decree is very short; it only adjudged that the action was for the division of a title to land; that the plaintiff had proven no part of a title; because the money into which the testator had converted the land had not been converted back into land by all those entitled to have the money.

The defendants, though, have suggested six additional grounds upon which to sustain the decree of the Court, if mayhap the exceptions of the plaintiff are effective.

Some things were adjudged on the former appeal. It was there held, that "Under the equitable doctrine of conversion the real estate became personal property after the death of the life tenant, and no real estate passed to N. Caroline Mattison for life with remainder to plaintiff. The gift was of personal property, money, a legacy, to Mrs. Mattison for life with remainder over to her children." The authorities thereto are abundant. Next, then, to the contention of the plaintiff, which is, that the parties entitled thereto have converted the price back into land.

It is axiomatic that one may not turn land into money unless he has absolute ownership of the land. Pom. Equity, sec. 1175.

Peter was only able to convert this parcel of land into money because it was his land.

When it was converted into money, one-fifth thereof belonged by the will to Mrs. Mattison for her life, with remainder to the plaintiff. The Court so held, plainly.

If the whole purchase price, for it may not be split up (Pom. Eq., sec. 1176), belonged in different measure to Peter's children and grandchildren, then they alone could take it, and invest it in land; for conversion or reconversion means the putting of money into land, or land into money.

It is axiomatic, too, that the same power is required to reconvert as to convert; the process and power are the same.

Had, therefore, the five children of Peter and Nancy intended to convert the money into land, they had no power to do so, because the money did not belong to them.

The deed to which the plaintiff points to prove the intention and the execution of the intention, proves the contrary; for it shows on its face that all the owners of the money have not joined, in the deed; that is, have not agreed to reconvert.

And there is no sufficient testimony, if any, to prove that the five children of Peter knew anything about the doctrine and effect of reconversion; or that they knew the will of Peter had turned the land into money; or that the owners of the money might turn it back into land; or that they did that which amounted in law to a reconversion.

Indeed, the plaintiff relies chiefly, if not entirely, on the deed from the four Johnson children to their brother, to prove the fact of reconversion.

The fundamental fallacy of the appellant's argument is, that the sole beneficiaries under the will, all these entitled to the money converted from land, were the five parties to the deed.    That is not true.    Had the land been sold, and the money divided, one-fifth thereof would have belonged to Mrs. Mattison for her life only, and remainder to her child, the plaintiff.    The will so declares, the provision is lawful, and must prevail.    Therefore, Mrs. Mattison had no right if she intended to so do, to take money, in which she had only a life estate, and invest it in land for herself and her child, the plaintiff.    The plaintiff was then an infant of tender years, and she could not do for him that which he could not have done for himself had he undertaken to have acted.    Pom. Eq., sec. 1176.

Again, the appellant contends that the children of Peter, those who undertook to reconvert, may not deny the act of reconversion and yet alien the fee, as they have undertaken to do.

That is a misconception of the issues made by the pleadings.    The plaintiff (now the appellant) undertook to prove a title in *himself*, and he must do so to get partition.

The defendant may have no good paper title, and yet the plaintiff may not prevail. It has not yet been adjudged that the title which defendant has is a valid paper title.

It has not yet been adjudged that the plaintiff had no right to have the land sold to pay the legacy due to him under the will of Peter. That issue has never been made.

It is not necessary to consider the respondent's additional grounds suggested as sustaining the decree, for they are not now material; nor is it necessary to consider a suggestion made to respondent at the hearing, to wit: that the "desire" expressed by the testator was only precatory and that, therefore, Catherine and Mary took absolute estates.

The decree below is affirmed.