## 10132

ELLISON *ET AL*. v. MATTISON *ET AL*.

(98 S. E. 840.)

1. JUDGMENT — CONCLUSIVENESS — NONSUIT WITHOUT PREJUDICE. — A judgment of nonsuit entered without prejudice against remaindermen under their grandfather's will, in a suit for partition prematurely brought because their mother, the life tenant, was yet alive, does not bar a subsequent suit brought after termination of the life estate to recover their remainder interest.

2. JUDGMENT—CONCLUSIVENESS—ERRONEOUS JUDGMENT.—A judgment against remaindermen rendered in a suit for partition does not bar a subsequent suit to recover their remainder interest, where the former judgment was erroneous on its face, in that the Court, as a Court of equity, failed to grant relief to which the parties were entitled on the case stated by them.

3. WILLS—CONSTRUCTION—ESTATE CREATED—ABSOLUTE ESTATE IN PERSONALTY.—Where testator devised land to his wife for life, at her death the land to be sold and equally divided among his five children, the portion falling to two daughters to be theirs for life, and then to their children forever, the daughters did not take an absolute estate, so as to bar their children from any rights under the will, though the proceeds became personalty.

4. WILLS—CONSTRUCTION—RECITALS AS TO WISHES OF TESTATOR.—Where a testator devised land to his wife for life, directing that at her death the land be sold, and the proceeds be divided equally among his five children, and expressing his "desire" that the portion falling to two daughters should be theirs during lifetime, then to their children forever, the children of the daughters took in remainder; the disposition, as to the daughters, not being precatory merely.

5. WILLS—CONVEYANCE BY DEVISEE—EFFECT.—Under a will directing that at the death of the wife, the life tenant, the land be sold, and the proceeds equally divided among five children, two of whom, daughters of testator, were to hold for life with remainder to their children, where the wife, with four of the children, conveyed the land in fee simple to the other child, the deed could not be construed as a family settlement barring the children of the daughters of their interest in remainder.

6. REMAINDERS—ACTION BY REMAINDERMEN—ACCRUAL OF ACTION.—Action by remindermen to subject land to payment of their legacy is not barred by limitations, where brought within the statutory period after their cause of action accrued by death of the life tenant.

7. REMAINDERS—ADVERSE POSSESSION.—Where under a will the grandchildren of testator were entitled to share in the proceeds of the sale of certain land upon the death of their mother, who had a life estate in the land, there could be no adverse holding against the grandchildren until after the death of their mother.

Before PEURIFOY, J., Anderson, Fall term, 1910. Modified and affirmed in other respects.

Action by Jane E. Ellison and others against W. E. Mattison, individually and as administrator, c. t. a. of Peter Johnson, deceased, and J. D. Stone. From a judgment for plaintiffs, defendants appeal.

*Messrs. Leon L. Rice, Bonham, Watkins & Allen,* for appellant, W. E. Mattison. *Messrs. Bonham, Watkins & Allen* submit: *It was error to find that Mattison was barred by the statute of limitations. The party pleading the bar of the statute of limitations must prove it clearly:* 71 S. C. 78. *Stone cannot claim the protection of the statute of limitations. Stone became by construction of law trustee of the children of Mary Ellison and Nancy Mattison:* 2 McCord Ch. 143. *There can be no adverse claim or possession by trustee against cestui que trust:* 35 S. C. 430. *Constructive trusts arise through the doctrine of equitable estoppel:* 106 S. C. 291. *Stone had constructive trust through the will of Peter Johnson and the rights of the remaindermen thereunder and is bound thereby:* 76 S. C. 415. *A trustee will not be allowed by his own act to defeat or destroy his trust; and those who deal with him in respect of the trust estate with knowledge of the trust, are bound by the terms of the trust:* 100 S. C. 222.

*Messrs. J. M. Paget* and *Cary & Cary,* for appellant, J. D. Stone, submit: *That under Peter Johnson's will, Caroline and Mary took absolute estates:* 1 McC. Ch. 90, page 51; 17 S. C. 567; 41 S. C. 298; note in Am. Cas. 1917b. *As to the will of Peter Johnson having been carried out:* 5 Rich. Eq. 215; 23 S. C. 515; 23 S. C. 382; 2 Williams Executors 1010; 56 S. C. —; 52 S. C. 88; 12 S. C. 263; 96 S. C. 82. *As to statutes of limitations:* 50 S. C. 128; 85 S. C. 173. *As to adverse possession:* 72 S. C. 312, 320; 78 S. C. 155; 80 S. C. 110; Code of Civil Procedure, sec. 134.

*Messrs. A. H. Dagnall* and *Sullivan & Cooley,* for respondents, submit: *Caroline Mattison and Mary Ellison took, under the will of Peter Johnson life estates with remainder to their children:* 90 S. C. 146, 149; 99 S. C. 151, 156, 157. *The word "desire" as used in the will of Peter Johnson is mandatory and not merely precatory:* 20 Atl. 624; 137 Pa. 448; 21 Am. St. Rep. 890; 47 Atl. 633, 635;

61 N. J. Eq. 25; 37 N. E. 203; (Pa.) 8 Atl. 920, 922; 15 Ohio St. 103, 111; 114 Atl. 885, 886; 44 N. J. Eq. (17 Stew.) 460; 9 Cyc. 48; 75 Atl. 100, 101; 75 N. H. 408; 37 L. R. A. (N. S.) 646. *The plea of res adjudicata is unsound:* 90 S. C. 146; 99 S. C. 151, 154, 155; 90 S. C. 147; 72 S. C. 991; 90 S. C. 158. *The sale directed by the will has never been made, hence the interests of the respondents have not been divested:* 90 S. C. 146; 35 S. C. 531; 99 S. C. 151, 155. *As to adverse possession, the Circuit Court found as a matter of fact that the possession was not adverse, and this finding cannot be reviewed by the Supreme Court:* 89 S. C. 555; 95 S. C. 245; 72 S. C. 312; 78 S. C. 457, 458; 72 S. C. 287; 51 S. E. 805; 90 S. C. 319, 321; 89 S. C. 9. *The only way in which the interests of respondents could have been divested without their consent was an actual sale under the power, and this has never been made:* 99 S. C. 155. *It was the duty of Stone to hold the fund and use it during the life of Mary, and at her death in 1916 to deliver it over to the plaintiff:* 35 S. C. 422, 430; 100 S. C. 220; 76 S. C. 415; 106 S. C. 386. *Upon the failure of Stone (in 1916) to turn the fund over to respondents, the statute of limitations commenced to run and not before. Moreover, a trustee in such case should not be permitted to plead the statute:* 104 S. C. 1. *The forty-year limitation is not applicable in this case:* 108 S. C. 302.

January 25, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The history of this litigation is set out in 90 S. C. 146, 72 S. E. 991, and 99 S. C. 151, 82 S. E. 1046. The action there reported was for partition, and it failed. This action, arising out of the same transaction, is by the children of Mrs. Mary Ellison and Mrs. Caroline Mattison, daughter of Peter Johnson, to subject two-fifths of a title in certain real estate now held by one Stone to the payment of a legacy created by

the will of Peter Johnson, who was the source of title common to all the parties.

The Circuit Court concluded that the land was liable to pay the legacy due to Ellison, but that Mattison was barred by the statute of limitations to claim the payment of his legacy.

The defendant, Stone, has made fifteen exceptions; but they have been wisely reduced by the argument to five questions. They are these: (1) *Res adjudicata;* (2) the parties, Ellison and Mattison, have no right under Peter's will, (a) because their mothers took an adsolute estate, and (b) because the words used in the will were not words of command, but merely words of desire; (3) failing in these postulates, Peter's will had been carried out; (4) statute of limitation; and (5) adverse possession.

These in their order.

The plea of *res adjudicata* is not sound. When the Ellison children and the Mattison children sued in the action before referred to, the Ellisons were nonsuited because their mother, who was life tenant, was yet alive, and her children, therefore, had no present right. The order of nonsuit declared that it was "granted without prejudice to their rights to maintain such (action) as and when their rights, if any, may accrue." By the express words of the order the accruing right of the Ellisons were left intact. Nothing was adjudged as to them save at the time they sued they had no present right. It is true that, so far as the Mattisons are concerned, the cause was not thus arrested, but went on to a final judgment against them.

But in the instant action the Mattisons have set up in their answer and relied upon in the trial no statement of facts that were not stated in the complaint in the first action. The only difference betwixt the two actions lies in the circumstances that in the first action the Mattisons esteemed themselves on the facts alleged to be entitled to partition, and in the instant action, on the same facts, alleged, the Mattisons esteemed

themselves entitled to be paid a legacy out of the proceeds of the sale of land. The whole right was stated in the first action.

It was no fault of Mattisons that they did not get in the first action a remedy; their statement of the facts entitled them to a remedy, as we shall presently show in the instant case. It was no legal fault of theirs that they did not ask the appropriate remedy. Indeed, that cause might have been retained that they might have prosecuted in it the appropriate remedy. That it was not so retained is not now altogether chargeable to the Mattisons.

The appellant's second postulate rests on two assumptions; and they both spring out of this and the relevant section of the will: "The residue of my estate, real and personal, I give and bequeath to my beloved wife, Nancy A. Johnson, to be hers during her natural life or widowhood, and at her death or marriage then the said realty and personalty to be sold and equally divided among my children, and having an eye in such division and settlement to the advances I have already made to them, which advances are hereinafter stated to date. As well shall an eye be had to advances after the date hereof in said division and settlement. Furthermore I desire that the portion of my estate that may fall to my daughters, N. Caroline Mattison and Mary A. E. Ellison, to be theirs during their lifetime and then to their children, respectively, forever."

The appellant contends "that, the bequest to Caroline and Mary being personal property, they take absolute estates," and he cites for authority the words of Judge Nott in *Carr v. Porter*, 1 McCord Eq., at page 90. The Court there only meant to say that, if a testator should expressly devise a life estate in land, the same words would create an absolute estate in personalty. The Court did not intend, of course, to imply that a limited estate in personalty might not be created by express words.

It was suggested in 90 S. C. 146, 72 S. E. 991, that the will of Peter was "a gift of personal property, money, a legacy, to Mrs. Mattison for life with remainder over to her children."

The other assumption of the appellant is also untenable, to wit: That the words of the will under which the plaintiff claims are merely precatory, and confers on him no right of property.

It is true that the expressed "desire" of the testator does not always of itself amount to a direction; it may or it may not amount to a direction according as the intention of the testator may be gathered from the whole instrument. A testator's expressed and lawful desire ought, of course, to be carried out, unless it be inconsistent with other and stronger words contained in the instrument.

In the instant case the will contains no words which are inconsistent with that construction which gives imperative operation to the expressed "desire." The object of the testator's bounty were a wife and five children. He devised land (1) to his wife for her life. He then directed (2) that the land should be sold and the proceeds divided equally between the five children. He went further and expressed (3) the "desire" that the portion which might fall to Caroline and Mary should be "theirs *during their lifetime* and *then* to their *children*, respectively, *forever*." The italics are supplied.

The testator made a difference betwixt the children. To three he gave absolutely. To two he gave a right for their life; and he plainly expressed the desire that the children of these two should have the absolute right.

There is nothing in *Arnold v. Arnold,* 41 S. C. 298, 19 S. E. 670, relied upon by the appellant, inconsistent with this view, nor in *Brunson v. King,* 2 Hill Eq. 490.

The third postulate of the appellant is that the expressed desire of Peter has been carried out; that is to say, that the

land has been sold and the proceeds paid to the five children, that two of the children received absolutely two-fifths of the proceeds, and that Caroline and Mary received, with limitations, two-fifths, to be enjoyed by them during their lives and forever as trustees for their children, and that the transaction amounts to a family settlement. But the only testimony in the case to prove that is a simple deed of conveyance by the wife, Nancy, and four of the children to the other child, B. Lewis Johnson, who was also executor of the will. Nancy held a freehold title in the land for her life, and she had the right to convey that; and when she did so B. Lewis took from her a like title. Lewis died, and the land was sold for the settlement of his estate three years before the life estate fell in by Nancy's death in 1888. Mauldin bought B. Lewis' title at the estate sale in 1885, and Stone bought from him the same year. Plainly they took at least the freehold life estate which Nancy had conveyed to Lewis.

It is true the deed to Lewis was signed also by the four children other than himself, and that act would manifestly estop Willis and Lara (two of the other children) to make any further claim to land or money, and they have made none, and it would also estop Caroline and Mary to make any further claim for themselves. But there is no evidence that the transaction evidenced by the deed of the four children to Lewis was intended to be in performance of the will, other than the suggestion of counsel that it might have been and probably was of that character. The transaction was had seven years after the executor qualified and three years before the death of the life tenant. There is no proven record of the transaction in the Probate Court. The executor was never discharged from his trust. No witness testified that the conveyance referred to was done to carry out the provisions of the will.

This case is the same, so far as the proof goes, as if the five children had conveyed the land to a stranger. In such

a case it will not be denied, we think, that the stranger would hold the land subject to its sale under the direction of the will. There is no evidence which tends to show that the transaction was intended as a family settlement. Such a settlement rests on contract, express or implied, and there is no testimony that the family intended the transaction to be a contract to settle their interests under the will of Peter. The probability is that it was what the·deed suggests it to have been, a sale by the widow and four children of their supposed fee-simple title to B. Lewis Johnson.

The fourth issue is the bar of the statute of limitations. To the Ellisons it is plainly not fit. The Ellison children had no right until the death of their mother in 1916. And for the same reason there was no adverse holding by Stone against the Ellisons.

The Circuit Court concluded that Mattison's right was barred by the statute, and that judgment was based on the conclusion of fact that Caroline died in 1898; but the testimony of Ambrose Williams and Hewlett Sullivan fixes definitely the death of Caroline on April 29, 1901. The Mattisons are therefore not barred.

In that respect the judgment of the Circuit Court is modified. In other respects it is affirmed.