## 10380

### ELLISON *ET AL.* v. MATTISON *ET AL.*

#### (102 S. E. 723.)

WILLS—GRANDSON CLAIMING RESIDUARY ESTATE NOT ENTITLED TO INTEREST ON SHARE.—Where will gave residuary estate to testator's widow for life or widowhood, to be sold and equally divided among children on her death or remarriage, grandson entitled to his mother's one-fifth interest, which could not be ascertained until after sale directed by will, and further uncertain in that accounting for advancements was required, *held* not entitled to interest on share as against owner of a three-fifths interest, despite long delay.

Before SHIPP, J., Anderson, Spring term, 1919. Reversed.

Action by Jane E. Ellison against W. E. Mattison, individually and as administrator *de bonis non cum testamento annexo* of Peter Johnson, deceased, and J. D. Stone. From the judgment, defendant, Stone, appeals.

*Messrs. J. M. Paget, Carey & Carey,* for appellant, J. D. Stone. *Mr. Paget* cites: *As to the allowance of interest to W. E. Mattison:* A. & E. Enc. L., 2d Ed., p. 990; 4 Rich. Equity 92; 90 S. C. 148.

*Messrs. Leon L. Rice* and *Bonham & Allen,* for W. E. Mattison, respondent, cite: *As to allowance of interest to W. E. Mattison:* 2 McCord Eq. 15 R. C. L., p. 40; 90 S. C. 149.

February 23, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The purpose of this action is to require the sale of a tract of land to pay legacies. The history of the litigation will be found in *Mattison v. Stone,* 90 S. C. 146, 72 S. E. 991; *Id.,* 99 S. C. 151, 82 S. E. 1046, and in 98 S. E. 840.

A short statement will now be sufficient to determine the question raised by this appeal:

Peter Johnson dies, leaving a will, in which he provided as follows:

"The residue of my estate, real and personal, I give and bequeath to my beloved wife, Nancy A. Johnson, to be hers during her natural life or widowhood, and at her death or marriage then the said realty and personalty to be sold and equally divided among my children, and having an eye in such division and settlement to the advances I have already made to them, which advances are hereinafter stated to date. As well shall an eye be had to advances after the date hereof in said division and settlement.

"Furthermore I desire that the portion of my estate that may fall to my daughters, N. Caroline Mattison and Mary A. E. Ellison, to be theirs during their lifetime and then to their children, respectively, forever."

The widow and four of the children conveyed to the fifth child, and attempted to convey the whole land in fee, and it has come by successive conveyances to the appellant, Stone. It has been held that Mrs. Mattison and Mrs. Ellison took only life estates, and that their children took the remainder. The respondent, W. E. Mattison, takes the one-fifth devised to Mrs. Mattison. The rights of W. E. Mattison were passed upon by an order that reads:

"This case was heard by Judge Peurifoy at Anderson, S. C., October term, 1918, and resulted in a decree by which it was decided, *inter alia*, that W. E. Mattison was not entitled to participate in the distribution of the proceeds of the land in dispute, because he was barred by the statute of limitation. The decree directed the sale of the land and the payment to the plaintiffs of their one-fifth interest therein. The case went to the Supreme Court, which had filed its opinion holding and deciding that Mattison is not barred by the statute of limitation, and that he is entitled to one-fifth of the proceeds of the land; in other words, the Supreme Court modified the decision of Judge Peurifoy to the extent of holding that W. E. Mattison is entitled to one-fifth (1-5) of the proceeds of the sale of the land of Peter Johnson. Inasmuch as the order made by Judge Peurifoy did not provide for the payment to Mattison of his interest, it is ordered, adjudged, and decreed that, when the Judge of probate, as special referee, had made the sale ordered by the decree, he pay to W. E. Mattison, or his attorneys, one-fifth of the proceeds of the said sale, with interest thereon from the 29th day of April, 1901. This cause was heard by me during the April term of Court, and taken under advisement."

The appellant, Stone, is the owner of three-fifths interests, and appeals from so much of this order as allows to Mattison interest on his share.

No interest can be collected at law under the statute because the amount was not ascertained and could not have been ascertained until after the sale directed by the will. Not only was there uncertainty as to the amount of the proceeds of sale, but there was to be an accounting for advancements, which rendered the amount still further uncertain.

It is supposed, however, that a Court of equity with its great power can, in the cause of justice, compensate Mr. Mattison for his long delay in receiving his money under his grandfather's will. This will directed, and it is the law of the case, an equal division of the proceeds of sale. The allowance of interest to Mattison for all these years would give to him more than two-fifths interest. The result of the allowance of interest to Mattison can be clearly seen if we suppose that Stone had bought only one interest instead of three and the others had retained their interests. That would have required one fund, to wit, the proceeds of sale, to be divided into eight-fifths, and this manifestly impossible. Stone not only did not know the amount to pay, but he had no right to pay anything. It may be said that, inasmuch as every one is presumed to know the law, Stone is presumed to have known that a sale was necessary; and that it was his duty to have procured the order of sale, and by proper legal proceedings have ascertained the amount and paid it, and for this failure of duty he must pay the penalty and this penalty is called interest, which is merely a name and is the means of doing complete justice. If there were such a presumption (there is no such presumption, as is demonstrated in this and every other case; "Ignorance of the law excuses no one" is the correct statement), then the presumption applies to Mattison as well as to Stone. The law fixes a statute of limitations, and even equity looks with disfavor on stale claims.

Mattison's laches would have destroyed his claim but for the fact that those in like position with him have kept it alive. Mattison's claim does not appeal to a Court of equity for special favor.

The will is the law of the case, and equity is bound by law of the case. Mattison is entitled to one-fifth of the proceeds of sale. It is said that the Ellisons have received interest. If that be true (it does not appear in this case), one wrong is enough.

The judgment is reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and GAGE concur.

MR. JUSTICE WATTS. I think the judgment should be affirmed. It is neither justice nor equity to keep persons out of their rights, and then practically penalize them for being deprived of their rights, as is done in the case at bar.